# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GLORISTINE THOMPSON**                                                              **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 4:21-CV-118-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                   **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Gloristine Thompson filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 12. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on June 16, 2020, alleging onset of disability commencing on March 12, 2020. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on April 14, 2021. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: rheumatoid arthritis and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform the full range of medium work and is capable of performing her past relevant work as a cook and fast-food cook.

## **ANALYSIS**

The plaintiff argues the Appeals Council (AC) erred in failing to consider an MRI report from Greenwood Leflore Hospital dated June 4, 2021, that was submitted after the ALJ's decision was issued on April 14, 2021. The report found "Mild degenerative arthritis. Mild chronic disc disease at L5-S1 level. Moderately bulging disc at L4-L5 level with hypotrophic changes in facet joints causing mild degree of central canal stenosis." The AC determined this additional evidence did not relate to the period at issue and thus did not affect the ALJ's decision that the plaintiff was not disabled on or before April 14, 2021. Docket 7 at 2.

The AC will consider additional evidence if it is new, material, relates to the time on or before the ALJ's decision and creates a reasonable probability that it would change the outcome of the decision. 20 C.F.R. § 416.1470(a)(5) (2020). The plaintiff maintains the June 4, 2021 MRI report "clearly relates to the period at issue" and, if considered, would have "shed[] light on an important aspect of the Plaintiff's functional limitations." Docket 18 at 6-7. While the ALJ considered an earlier x-ray of the plaintiff's lumbar spine showing "mild degenerative disc disease at L5/S1" and "no evidence of spondylolysis or spondylolisthesis," the plaintiff argues the MRI report warrants finding additional functional limitations that would have precluded her ability to perform the full range of medium work and thus resulted in a finding of disability. Docket 7 at 14, 233.

The court finds the AC erred in finding the June 4, 2021 MRI report did not relate back to the time on or before the ALJ's decision; however, the error is harmless because the evidence is largely cumulative of records already before the ALJ and does not create a reasonable probability that it would change the outcome of the decision. As noted above, the July 22, 2022 x-ray report revealed "mild degenerative disc disease" which is consistent with the "mild chronic disc

disease" noted in the June 4, 2021 MRI report. The MRI report indicated the plaintiff has a "moderately bulging disc at L4-L5 level" which was previously documented in records from the Leflore County Health Center which were before the ALJ identifying a "bulging lumbar disc" as an "active problem." Further, there is no evidence of additional functional limitations related to the MRI report or otherwise that the ALJ failed to consider. Therefore, while the evidence relates to the time before the ALJ's decision, the record supports the finding that this later report would not likely lead to a different result if remanded to the ALJ. Accordingly, the AC did not err in denying review.

Second, the plaintiff argues the ALJ failed to develop the record when she declined to order a consultative examination. Under 20 C.F.R. 404.1519a(b), the Commissioner has the discretion to order a consultative examination when evidence is needed that is not contained within the records of the medical sources or cannot be obtained for reasons outside the claimant's control, highly technical or specialized evidence is needed but not available, or there is an indication of a change in condition that is likely to affect the ability to work, but the current severity of the impairment is not established. The Commissioner's discretion is limited where a claimant "raises the requisite suspicion" that such an examination is necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989).

There is no evidence to suggest that the record in this case was lacking or that a physical consultative examination was necessary for the ALJ to make a disability determination. The decision contains a reasoned and thorough discussion of medical evidence which provides substantial evidence for the RFC. Therefore, the court finds that the ALJ did not err in failing to develop the record.

**SO ORDERED**, this the 26th day of May, 2022.

                                                   /s/ David A. Sanders
                                                   **UNITED STATES MAGISTRATE JUDGE**